UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YIPENG WANG,

        Plaintiff,

v.                                                                  CASE No. 14-11239

UNITED STATES POSTAL SERVICE,         HONORABLE GERSHWIN A. DRAIN

        Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [#5] AND CANCELLING OCTOBER 31, 2014 HEARING

### I. INTRODUCTION

Plaintiff, proceeding *pro se*, filed the instant action in the 43rd Judicial District court on February 12, 2014. Defendant, the United States Postal Service ("USPS"), removed the instant matter to this Court on March 25, 2014. Plaintiff seeks to recover damages in the amount of $2,475.00 based on his allegation that Defendant lost his package. Specifically, Plaintiff alleges that on December 10, 2013, he mailed one package containing 9 white, 1 kg. bottles of silicon dioxide via Priority Mail 2-Day delivery from the USPS Madison Heights, Michigan location to Synthonix in Wake Forest, North Carolina. Synthonix did not receive the package. Plaintiff filed an insurance claim with USPS and he was granted a refund on the postage he paid to mail the package, as well as $50.00 for insurance coverage. Plaintiff was refunded a total amount of $79.45.

Presently before the Court is Defendant's Motion to Dismiss, filed on April 26, 2014. Plaintiff has failed to file a Response to the instant motion and the deadline for submission of his Response is long overdue. *See* E.D. Mich. L.R. 7.1(e)(1)(B). A hearing was scheduled for October 31, 2014, however upon review of the Complaint, Defendant's Motion to Dismiss and the

controlling authority, the Court is compelled to conclude that oral argument will not aid in the resolution of this matter. Accordingly, the Court will cancel the October 31, 2014 hearing in this matter. *See* E.D. Mich. L.R. 7.1(f)(2).

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. The Defendant's Motion to Dismiss is a factual attack on the court's subject matter jurisdiction. In analyzing the motion:

> [t]here is no presumption that the factual allegations set forth in the complaint are true and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." [*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. Cir.), *cert. denied*, 513 U.S. 868 (1994)]. The court has wide discretion to consider materials outside the pleadings in assessing the validity of its jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

*Ashley v. United States*, 37 F.Supp.2d 1027, 1029 (W.D. Mich. 1997). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied*, 461 U.S. 918 (1983)).

Here, Plaintiff's Complaint is subject to dismissal because his claims are barred by the doctrine of sovereign immunity. "Under well-established and familiar principles of sovereign immunity, the United Sates may not be sued without its consent, and the terms of this consent define the jurisdiction of the courts to entertain a suit against the Government." *Stocker v. United States*, 705 F.3d 225, 230 (6th Cir. 2013). The USPS, as an independent establishment of the executive

branch, enjoys federal sovereign immunity absent a waiver. *Id.*; *see also Dolan v. U.S. Postal Serv.*, 546 U.S. 481, 484 (2006) (holding that "[u]nder the Postal Reorganization Act, 39 U.S.C. § 101 *et seq.*, the Postal Service is an independent establishment of the executive branch of the Government of the United States . . . [and] enjoys federal sovereign immunity absent a waiver.") (internal quotations and citations omitted).

"Congress has the authority to define the conditions under which the United States consents to be sued." *Parafina v. United States*, No. 10-14894, 2012 U.S. Dist. LEXIS 103464, *11 (E.D. Mich. Jul 24, 2012). While it is true that the Postal Service Reorganization Act, 39 U.S.C. § 401 *et seq.*, authorizes the Postal Service to sue or be sued in its official name, Congress explicitly restricted the Service's tort claim exposure to those claims that may be brought under the Federal Tort Claims Act ("FTCA"). *See* 39 U.S.C. § 409(c). Moreover, under the FTCA, certain categories of claims are exempted from the United States waiver of immunity. *Parafina*, 2012 U.S. Dist. LEXIS 103464, at *11. The exempted claims are set forth in 28 U.S.C. § 2680, and include "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." *Id.* at *11-12; *see also* 28 U.S.C. § 2680(b).

In *Dolan*, the United States Supreme Court stated, that as a general rule, the postal matter exception preserves immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. As such, § 2680(b) bars Plaintiff's claim based on the failure of his mail to arrive at Synthonix in Wake Forest, North Carolina. Courts that have reviewed similar claims have consistently invoked § 2680(b) to dismiss such claims asserted against the Postal Service relating to lost mail. See *Parafina*, 2012 U.S. Dist. LEXIS 103464, at *11-14; *Levasseur v. United States*

*Postal Service*, 543 F.3d 23, 24 (1st Cir. 2008); *Brandofino v. United States Postal Service*, 14 F. Supp.2d 1160, 1163 (D. Ariz. 1998). As such, Plaintiff's Complaint is barred by the doctrine of sovereign immunity and this Court lacks subject matter jurisdiction over his claims.

Because the Court finds that dismissal pursuant to 12(b)(1) of the Federal Rules of Civil Procedure is warranted, it declines to address Defendant's alternate argument for dismissal based on Rule 12(b)(5) for insufficient service of process.

### III. CONCLUSION

Accordingly, Defendant's Motion to Dismiss [#5] is GRANTED. This cause of action is dismissed.

SO ORDERED.

Dated: October 31, 2014

/s/Gershwin A Drain
United States District Court